UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-21937-RAR

**RYDER TRUCK RENTAL, INC.**,

    Plaintiff,

v.

**KNIGHT SPECIALTY INSURANCE COMPANY**, *et al.*,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court on Plaintiff Ryder Truck Rental, Inc.'s ("Ryder") Motion for Partial Judgment on the Pleadings, or in the Alternative, Motion for Partial Summary Judgment ("Motion") against Defendant Knight Specialty Insurance Company[1] ("Knight Specialty"), [ECF No. 25]. The Motion is ripe for review. *See* Defendant's Resp. In Opp. Pl.'s Mot. ("Def.'s Resp."), [ECF No. 47]; Plaintiff's Reply In Supp. Mot. ("Pl.'s Reply"), [ECF No. 51]. On February 4, 2026, the Court heard argument on the Motion ("Hearing"). [ECF No. 58]. As explained at the Hearing, Plaintiff's Motion will be treated as a motion for summary judgment. For the reasons explained herein and on the record at the Hearing, Plaintiff's Motion is **GRANTED**.

## BACKGROUND

This is a declaratory judgment action filed by Ryder against Knight Specialty to determine whether Knight Specialty had a duty to defend and indemnify Ryder under an insurance policy

---

[1] On October 20, 2025, this case was consolidated with *Knight Specialty Insurance Company v. Freisman Cabrera-Perez, et al.*, No. 25-CV-23608-RAR, given that the two cases allege common issues of law and fact. *See* [ECF No. 45].

that Knight Specialty issued to Southcentral Lanes, LLC ("Southcentral") in an underlying lawsuit, *Cabrera-Perez v. Quevedo-Fernandez, et al.*, Case No. 2023-022623-CA-30. Mot. at 1. Plaintiff alleges the following material facts in support of its Motion.[2] *See* Pl.'s Statement of Material Facts In Supp. Mot. ("Pl.'s SOMF"), [ECF No. 26].

Knight Specialty issued the Policy NO. NTKS0000016-00 ("Policy") to Southcentral for the period from December 7, 2020 to December 7, 2021. Pl.'s SOMF ¶ 1. The Policy provides motor carrier liability coverage with limits of $1 million per accident and covers "autos", which are identified in Item Three of the Declarations. *Id*. ¶¶ 2–3. The Policy's Motor Carrier Coverage Form states the following:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "auto". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".
>
> We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply."

*Id*. ¶ 5; *see also* Motor Carrier Coverage Form, [ECF No. 1-2] at 33–34.[3]

---

[2] Knight Specialty never responded with its own Statement of Material Facts. Accordingly, the facts alleged in Plaintiff's Statement of Material Facts, [ECF No. 26], are deemed admitted under the Local Rules for the Southern District of Florida. *See* Local Rule 56.1(c) ("**Effect of Failure to Controvert Undisputed Facts**. All material facts in any party's Statement of Material Facts may be deemed admitted unless controverted by the other party's Statement of Material Facts, provided that: (i) the Court finds that the material fact at issue is supported by properly cited record evidence; and (ii) any exception under Fed. R. Civ. P. 56 does not apply.").

[3] The page numbers used herein refer to those reflected in the CM/ECF heading.

Additionally, the Policy deems the following as "insureds" under the "Who Is An Insured" provision of the Motor Carrier Coverage Form:

   a. You for any covered "auto".

   b. Anyone else while using with your permission a covered "auto" you own, hire or borrow…

   d. The lessor of a covered "auto" that is not a "trailer" or any "employee", agent or driver of the lessor while the "auto" is leased to you under a written agreement if the written agreement between the lessor and you does not require the lessor to hold you harmless and then only when the leased "auto" is used in your business as a "motor carrier" for hire.

   e. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

*Id*. ¶ 5; *see also* Motor Carrier Coverage Form, [ECF No. 1-2] at 34.

On December 7, 2020, Policy Change No. 1 became effective, listing a 2016 Volvo tractor (VIN 4V4NC9EHXGN92350) ("Ryder Unit") as an "auto" under Item Three of the Declarations, bringing it within the scope of the policy. Pl.'s SOMF ¶ 4. Thereafter, on December 20, 2020, Josmir Quevedo Fernandez ("Quevedo Fernandez") was involved in an accident in Illinois, while operating an automobile (the "Ryder Unit"). *Id*. ¶ 6. Freisman Cabrera Perez ("Perez"), who was a passenger in the Ryder Unit, sustained injuries. *Id*. ¶ 7.

On September 7, 2023, Perez filed a lawsuit in state court, and on July 23, 2024, he filed a Second Amended Complaint naming Ryder as a defendant. *Id*. ¶¶ 8–9. On September 25, 2024, Ryder tendered the lawsuit to Knight Specialty, demanding it defend and indemnify Ryder as an insured under the Policy. *Id*. ¶ 13. The Second Amended Complaint alleged that Ryder owned the Ryder Unit and leased it to Southcentral, and that Quevedo Fernandez was operating the Ryder Unit with the express knowledge and consent of Southcentral and Ryder at the time of the accident. *Id*. ¶¶ 10–11. Further, Count VI of the Second Amended Complaint alleged that Ryder was vicariously liable for Quevedo Fernandez's negligent operation of the Ryder Unit. *Id*. ¶ 12.

On December 17, 2024, Plaintiff filed a Third Amended Complaint, asserting similar factual allegations as the Second Amended Complaint, and alleging that Ryder was vicariously liable for Quevedo Fernandez's negligent operation of the Ryder Unit. *Id*. ¶¶ 14–15. Ryder tendered the Third Amended Complaint to Knight Specialty on January 15, 2025, and demanded that Knight Specialty defend and indemnify Ryder. *Id*. ¶ 16.

Ryder alleges that Knight Specialty never responded to Ryder's tender, forcing Ryder to defend itself in the underlying lawsuit. Compl. ¶¶ 45–46. And, as a result, "Knight Specialty's non-responsiveness ceded control of the Lawsuit to Ryder, and Ryder was compelled to enter into a reasonable settlement of Plaintiff's claims against Ryder in the Lawsuit that Ryder has paid and Knight Specialty has not reimbursed." Compl. ¶ 54.

## **LEGAL STANDARD**

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED R. CIV. P. 56(c). In making this assessment, the Court "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997) (citation omitted), and "must resolve all reasonable doubts about the facts in favor of the non-movant." *United of Omaha Life Ins. Co. v. Sun Life Ins. Co. of Am.*, 894 F.2d 1555, 1558 (11th Cir. 1990) (citation omitted). The movant's initial burden on a motion for summary judgment "consists of a responsibility to inform the court of the basis for its motion and to identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993) (alterations and internal quotation marks omitted) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party has shouldered its initial

burden, the burden shifts to the non-moving party to "demonstrate the existence of evidence that would support a verdict in its favor." *Id.* (citing *Celotex*, 477 U.S. at 322–23). "[I]f reasonable minds might differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Id.* (quoting *Washington v. Dugger*, 860 F.2d 1018, 1020 (11th Cir. 1988)) (internal citations omitted).

## **ANALYSIS**

Plaintiff seeks a declaration that Knight Specialty had a duty to defend Ryder in the underlying lawsuit, and that Knight Specialty breached that duty when it "did not bother to provide a defense to Ryder for the Lawsuit or issue a coverage position letter to Ryder." Mot. at 2. And, according to Plaintiff, "[b]ecause the duty-to-defend analysis present[s] a legal question for the Court based on the review of the Knight Specialty Policy terms and the allegations in the [underlying] Lawsuit, this matter is ripe for a judgment . . . declaring that Knight Specialty had a duty to defend Ryder and breached that duty." *Id*. at 3. The Court agrees.

"Under Florida law,[4] an insurer's duty to defend 'depends solely on the facts and legal theories alleged in the pleadings and claims against the insured.'" *Mt. Hawley Ins. Co. v. L'Excellence Condo. Ass'n, Inc.*, 440 F. Supp. 3d 1323, 1328 (S.D. Fla. 2020) (quoting *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014) and *James River Ins. Co. v. Ground Down Eng'g Inc.*, 540 F.3d 1270, 1275 (11th Cir. 2008)). The Court must therefore consider "solely [] the allegations in the complaint against the insured, not [] the true facts of the cause of action against the insured, the insured's version of the facts or the insured's defenses." *Trailer Bridge, Inc. v. Illinois Nat. Ins. Co.*, 657 F.3d 1135, 1141 (11th Cir. 2011) (quoting *State*

---

[4] The parties do not dispute that Florida law applies. *See* Mot. at 7 n.1. Florida courts apply the law of the state where the contract was made and the contract was made "where the last act necessary to complete the contract was done." *Prime Ins. Syndicate v. B.J. Handley Trucking*, 363 F.3d 1089, 1091–3 (11th Cir. 2004) (cleaned up). Though the "last act" here may have transpired in Florida or Georgia, "[b]ecause Florida and Georgia law with respect to the duty to defend is the same, there is no conflict of law." Mot. at 7 n 1.

*Farm Fire & Cas. Co. v. Steinberg,* 393 F.3d 1226, 1230 (11th Cir. 2004)). And "the merits of the underlying suit have no bearing on whether the duty is owed." *Id*. at 1142. Thus, "[w]hen the complaint 'alleges facts which fairly and potentially bring the suit within policy coverage,' the insurer must defend the suit on behalf of the insured." *Princeton Excess & Surplus Lines Ins. Co. v. Hub City Enters., Inc*., 418 F. Supp. 3d 1060, 1066 (M.D. Fla. 2019), *aff'd*, 808 F. App'x 705 (11th Cir. 2020) (quoting *Lime Tree Vill. Cmty. Club Ass'n v. State Farm Gen. Ins. Co*., 980 F.2d 1402, 1405 (11th Cir. 1993)).

Here, whether Knight Specialty has a duty to defend turns on whether the allegations in the underlying state court complaint assert a covered claim under the Policy. It is clear from the underlying complaint, as well as the undisputed facts set forth herein, that Knight Specialty had a duty to defend Ryder. As a threshold matter, under the Policy, Knight Specialty has a duty to defend "any 'insured' against a 'suit'" seeking damages "because of 'bodily injury' [] to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" Pl's SOMF ¶ 5. It is undisputed that Perez sustained bodily injuries caused by an accident; the parties disagree over whether Ryder qualifies as an "insured" and whether the Ryder Unit was a covered "auto".

*First*, the underlying complaint alleges that both Quevedo Fernandez and Ryder were "insureds" under the policy. As to Quevedo Fernandez, the Policy provides that an insured is anyone who "use[es] with your permission a covered 'auto' you own, hire or borrow . . . ." *Id*. ¶ 5. Quevedo Fernandez was operating the Ryder Unit with permission from Southcentral and Ryder at the time of the accident and is therefore a permissive user. Pl's SOMF ¶ 11; *see Great Am. Alliance Ins. Co. v. Anderson*, 847 F.3d 1327, 1331 (11th Cir. 2017) ("For the purposes of insurance coverage, an individual using an automobile with the express permission of an insured

is a permissive user."). Quevedo Fernandez is therefore properly considered a permissive user and an insured under the policy.

As to Ryder, the Policy provides that the term "insureds" also includes the "lessor of a covered 'auto' that is not a 'trailer' or any 'employee', agent or driver of the lessor while the 'auto' is leased to you under a written agreement" and "anyone liable for the conduct of an 'insured' [] but only to the extent of that liability[.]" Pl's SOMF ¶ 5. Ryder qualifies as an insured lessor, given that the underlying lawsuit alleges that Ryder owned the unit involved in the accident and leased it to Southcentral. *Id.* ¶ 10. Knight Specialty responds that Southcentral was not the lessee of the subject Volvo tractor, because the vehicle had been assigned to Gems Transfer. *See* Resp. at 3. However, "[t]he merits of the underlying suit are irrelevant[,]" and Ryder's allegations do not "leave any doubt" as to whether the underlying complaint alleges that Ryder would be considered an insured lessor. *St. Paul Fire & Marine Ins. Co. v. Cypress Fairway Condo. Ass'n, Inc.*, 114 F. Supp. 3d 1231, 1236 (M.D. Fla. 2015) (quoting *Mid–Continent Cas. Co. v. Royal Crane, LLC*, 169 So. 3d 174, 181 (Fla. 4th DCA 2015)). And, even if Knight Specialty could prevail on this argument, Ryder also qualifies as an "insured" on a separate ground: the underlying state court complaint alleges that Ryder is vicariously liable for Quevedo Fernandez's negligence, Pl's SOMF ¶¶ 12, 15, and "anyone liable for the conduct of an 'insured' but only to the extent of that liability" is properly considered an "insured." *Id.* ¶ 5.

*Second*, the Ryder Unit involved in the accident is a covered "auto" under the Policy. It is undisputed that the Ryder Unit was added as an insured auto to the Knight Specialty Policy, effective December 7, 2020. Pl's SOMF ¶ 4; Mot. at 8. And Knight Specialty admits that "the 2016 Volvo tractor was listed on a schedule of covered autos[.]" Resp. at 5. However, Knight Specialty maintains that "Southcentral no longer hired, owned, or borrowed the covered

auto/vehicle[.]" *Id*. But this argument is once again unavailing, given that it goes beyond the allegations in the underlying complaint.

Knight Specialty further contends that multiple policy exclusions preclude coverage: the Employee Indemnification and Employer's Liability Exclusion; the Fellow Employee Exclusion; and the Workers' Compensation Exclusion. *Id*. at 4–5. But the underlying state court complaint is silent as to Perez and Quevedo Fernandez's employment status, and only alleges that they were "part of the two-member long-haul truck driving team[.]" Third Am. Compl., [ECF No. 1-4] ¶ 15. Accordingly, the underlying complaint does not allege that Perez's injuries arose out of his employment. Therefore, because no policy exclusions are apparent on the face of the complaint, Knight Specialty cannot argue that no duty to defend exists. *Cf. Sec. Nat'l Ins. Co. v. Gladstone L. Grp., P.A.*, 554 F. Supp. 3d 1265, 1272 (S.D. Fla. 2021) ("Although the alleged facts may fall within the coverage of the policy, if the face of the complaint shows the applicability of an exclusion, the insurer has no duty to defend." (quoting *O'Rear v. Greenwich Ins. Co.*, No. 8:09-CV-1903-T-26TGW, 2010 WL 4867527, at *2–3 (M.D. Fla. Nov. 23, 2010), *aff'd*, 432 F. App'x 877 (11th Cir. 2011))). Knight Specialty's argument that it received late notice of the accident in violation of the duty to provide prompt notice, *see* Resp. at 5, fares no better; Ryder replies that it was Southcentral, not Ryder, that had a duty to provide notice of the accident. Reply at 9. Ryder, as a lessor-insured, only had a duty to send copies of "suits", which it did after Ryder was named as a defendant. Reply at 9–10. Regardless of the merits of these arguments, this analysis clearly goes beyond the underlying state court complaint, and is therefore not considered at this juncture.

When questioned at the Hearing and confronted with the Court's obligation to examine only the underlying pleadings in the duty to defend analysis, Knight Specialty conceded that the underlying complaint would bring the suit within the Policy's coverage. *See* [ECF No. 58].

Accordingly, the Court finds that the underlying complaint asserts a covered claim under the Policy, which Knight Specialty had a duty to defend.

As to Ryder's second cause of action—that Knight Specialty's failure to defend Ryder in the underlying lawsuit constitutes a breach of its contractual obligations under the Policy—it is well settled that "[i]f the insurer acts negligently in carrying out its duty to defend, its conduct constitutes a breach of contract[.]." *Travelers Indem. Co. of Ill. v. Royal Oak Enters., Inc.*, 429 F. Supp. 2d 1265, 1273 (M.D. Fla. 2004), *aff'd*, 171 F. App'x 831 (11th Cir. 2006) (citing *Carrousel Concessions, Inc. v. Fla. Ins. Guar. Ass'n*, 483 So. 2d 513, 516 (Fla. 3d DCA 1986)). Thus, where "the insurer erroneously fails to defend its insured, its conduct constitutes a breach of contract and 'it—like any other party who fails to perform its contractual obligations—becomes liable for all damages naturally flowing from the breach.'" *Morette Co. v. S.-Owners Ins. Co.*, 301 F. Supp. 3d 1175, 1186 (N.D. Fla. 2017) (citing *Carrousel*, 483 So.2d at 516). Accordingly, Ryder is entitled to a judgment in the amount of $60,651.00 for the defense costs it incurred in defending the underlying lawsuit. *See* Mot. at 11; Defense Counsel Invoices, [ECF No. 10-12].

## CONCLUSION

For the foregoing reasons, the Motion for Partial Summary Judgment, [ECF No. 25], is **GRANTED** in favor of Plaintiff Ryder Truck Rental, Inc.

**DONE AND ORDERED** in Miami, Florida this 9th day of February, 2026.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**